**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 27, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

LARRY EUGENE WRIGHT,

  Petitioner-Appellant,

v.

ERIC FRANKLIN, Warden

  Respondent-Appellee.

No. 11-5086
(D.C. No. 4:08-CV-00028-TCK-FHM)
(N.D. Okla.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **LUCERO**, **ANDERSON**, and **GORSUCH**, Circuit Judges.

---

Larry Wright filed a federal petition pursuant to 28 U.S.C. § 2254 seeking relief from his Oklahoma convictions and sentences for armed robbery and unlawful possession of a firearm. In response, the district court issued a detailed opinion explaining its reasons for declining to award relief. Mr. Wright now asks for a certificate of appealability ("COA") to allow him to contest the district court's decision.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

We may grant a COA only if Mr. Wright makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Under this standard, an applicant must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation omitted). Because Mr. Wright proceeds in this court *pro se*, we review his pleadings with special solicitude.

Even so, we conclude that we cannot issue a COA. In this court, as in the district court, Mr. Wright has sought to pursue three claims. None, however, involves a situation where reasonable jurists could debate the decision to deny relief.

First, Mr. Wright claims that the prosecutors' misconduct at his trial denied him his federal constitutional right to a fair trial. Noting that state courts had already provided him with some but not all the relief he had requested on this claim, the district court concluded, after extensive discussion, that the state court decision not to provide further relief was neither contrary to nor an unreasonable application of federal law. Mr. Wright's COA application affords us no basis on which we might disagree with that considered conclusion. *See Wright v. Franklin*, No. 08-CV-028-TCK-FHM, 2011 WL 1990035, at *3–*6 (N.D. Okla. May 23, 2011).

-2-

Second, Mr. Wright argues that his federal equal protection rights were offended by the state court's jury instructions. We agree with the district court, however, that this claim was not preserved for federal review. To be sure, Mr. Wright pursued a related claim of error in his direct appeal, taking the question whether the trial court's jury instructions comported with *state law* to the state's highest court, the Oklahoma Court of Criminal Appeals (OCCA). *See* ROA 162 *et seq.* (raising state law claim on direct appeal); *id.* at 65 (OCCA ruling). But he raised his federal equal protection claim involving the jury instructions used at his trial only for the first time in his state collateral challenge. And he failed to pursue that collateral challenge on appeal to the OCCA. His failure to do so, to avail himself of all avenues available to him for relief under state law, procedurally defaults the claim. *See Johnson v. Champion*, 288 F.3d 1215, 1226–27 (10th Cir. 2002). Neither has he shown that there was adequate cause for his delay, or that a "fundamental miscarriage of justice" would result from the default, such that we might potentially excuse his default. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Third, Mr. Wright contends that his trial counsel's ineffective assistance violated his Sixth and Fourteenth Amendment rights. The district court found this claim procedurally defaulted because it was included in his state collateral challenge, a challenge that he (again) failed to pursue through appeal to the OCCA. *Wright*, 2011 WL 1990035, at *7–*8. Mr. Wright, however, also pursued

-3-

his ineffective assistance claim in his direct appeal — and the issue was entertained and adjudicated by the OCCA. *See* ROA at 159 *et seq.* The OCCA concluded that trial counsel had performed deficiently, but that there was insufficient proof that counsel's errors had prejudiced Mr. Wright. *See id.* at 62–64. On collateral review the state trial court declined to consider Mr. Wright's renewed ineffective assistance claim precisely because, in its view, the claim had already been addressed and resolved on direct appeal. *See id.* at 73.

But whether or not the claim is procedurally defaulted, there is no way we might issue a COA. To make out a claim of ineffective assistance of counsel, a petitioner must show that he was prejudiced by his lawyer's deficient performance. *Strickland v. Washington,* 466 U.S. 688, 694 (1984). What's more, because this case arises on collateral review and the OCCA ruled on the merits of the claim, a federal court may intercede to afford Mr. Wright relief only if the OCCA's *Strickland* analysis — concluding that Mr. Wright suffered no prejudice from his lawyer's performance — was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). And it is plain that Mr. Wright cannot clear this doubly deferential hurdle. As the OCCA noted, the state presented significant evidence of Mr. Wright's guilt, and the jury was instructed in a manner designed to cure any defect arising out of the mistakes made by Mr. Wright's defense counsel. *See* ROA at 61, 64. We see no basis on which a

-4-

reasonable jurist could think the OCCA's *Strickland* prejudice assessment was contrary to or an unreasonable application of federal law.

The application for a COA is denied and this appeal is dismissed.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge